# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SALVADOR ZAMORA,<br><br>Defendant. | Case No. 1:11-CR-000354-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br><br>(Doc. 568) |

Before the Court is Defendant Salvador Zamora's motion to reduce his sentence (Doc. 568), under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under § 1B1.10. *See* Doc. 614. Upon a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion.

A federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Guidelines unless otherwise indicated.

However, a district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States,* 130 S.Ct. 2691 (2010). Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

**Original Sentence Imposed**

Here, accepting the PSR determination, the Court found a base offense level of 32 for the amount of methamphetamine involved the case, and a criminal history category of V. Pursuant to §§ 2D1.1(a)(5)(A) and (B)(i), Defendant qualified for a base offense reduction by 2 levels, to a level 30. Under § 3B1.2(b), Defendant's minor role warranted a 3-level reduction, to a level 27. Finally, the Court reduced by 3 the offense level for Defendant's acceptance of responsibility, to an adjusted offense level of 24. The Guidelines range for a defendant with an offense level of 24 and a criminal history category V (based on 10 criminal history points) was 92-115 months. U.S.S.G. Ch. 5, Pt. A. The Court adopted the recommendation in the PSR and, on August 26, 2013, imposed a sentence at the low end of the guideline range, 92 months, with 48 months supervised release. *See* Docs. 332, 338.

**Application of Amendment**

The drug quantity table has reduced Defendant's base offense level from 32 to 30. However, once an offense level falls below level 32, § 2D1.1(a)(5) does not operate. In other words, Defendant's original downward adjustment (going from 32 to 30) under § 2D1.1(a)(5)(A), nets the same result as the new offense level under the Amendment 782. In sum, Amendment 782 has not reduced the guideline range applicable in Defendant's case, as shown below.

| | | | |
|---|---|---|---|
| Base Offense Level | 32 | New Base Offense Level | 30 |
| Reduction pursuant to §§ 2D1.1(a)(5)(A), (B)(i) | -2 | Reduction pursuant to §§ 2D1.1(a)(5)(A), (B)(i) | *ineligible where base offense level is below 32* |
| Reduction pursuant to § 3D1.2 | -3 | Reduction pursuant to § 3D1.2 | -3 |
| Acceptance of Responsibility | -3 | Acceptance of Responsibility | -3 |
| ***Original Total Offense Level*** | **24** | ***New Total Offense Level*** | **24** |

Because the application of the Amendment does not have the effect of lowering Defendant's applicable guideline range, § 1B1.10 (a)(2)(B ) precludes a sentence reduction. *See, e.g., United States v. Leniear,* 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules).

The Court commends Defendant on his many accomplishments while in prison, including earning his GED, completing the ACE Alternatives to Violence Program, as well as completing his Drug Education courses. The Court's denial of his request is in no way a reflection of Defendant's character, but rather a matter of law.

**CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Salvador Zamora's motion to reduce his sentence is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2).

IT IS SO ORDERED.

Dated:   **October 1, 2015**            **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE