**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　Plaintiff-Respondent,<br><br>　　v.<br><br>**SALVADOR ZAMORA,**<br><br>　　　　　　Defendant-Petitioner. | **1:11-CR-00354-LJO**<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. 636)** |

# I. INTRODUCTION

Salvador Zamora ("Petitioner"), a prisoner in federal custody, brings a pro se 28 U.S.C. § 2255 motion ("Habeas motion") to vacate, set aside, or correct his sentence.

# II. BACKGROUND OF THE CASE

On February 1, 2012, Petitioner was indicted on the charge of conspiring to distribute methamphetamine and with two counts of possessing methamphetamine with intent to distribute. Second Superseding Indictment, Doc. 12. On May 30, 2013, Petitioner signed a plea agreement with the United States ("the government"), wherein he agreed to plead guilty to the crime of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Mem. of Plea Agreement, Doc. 147. Petitioner waived his right to trial as well as to appeal and other post-conviction remedies. *Id.* at 3-4. The government agreed to recommend a three-level downward departure in recognition that Defendant had a minor role in the criminal operation, and that it would not oppose a downward departure for acceptance of responsibility, if one was recommended by the United States Probation Office. *Id.* at 5-6. The

agreement describes that the maximum potential sentence Petitioner might have received was forty years and that there was a mandatory minimum sentence of five years. *Id.* at 7. His plea was entered on June 3, 2013. Doc. 156. On August 29, 2013, he was sentenced to a term of ninety-two months. *Id.*

On April 27, 2016, Petitioner filed the instant motion to "vacate, set aside and/or correct sentence, judgment conviction, plea & plea agreement pursuant to 28 U.S.C. § 2255." Habeas Motion, Doc. 636. Petitioner claims that the Court counted a previous state felony conviction of his when it determined his Criminal History Category, but that the state has since reclassified this offense as a misdemeanor. *Id.* at 4. Petitioner argues that the reclassification means that the Court should adjust his Criminal History Category from "V" to "IV." *Id.* He also raises an ineffective assistance of counsel issue based on his attorney's failure to file an appeal and requests "post-sentencing rehabilitative relief," pursuant to *Pepper v. United States*, 562 U.S. 476 (2011). *Id.*

Upon request by this Court, Doc. 644, the government filed an opposition. Government's Opp'n to Def.'s Mot. to Vacate Sentence ("Opposition"), Doc. 645. The government argues that classification of Petitioner's prior offense had no effect on the determination of his Criminal History Category. *Id.* at 2-3. Petitioner did not file a reply.

### III. STANDARD OF REVIEW

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence

on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

## IV. ANALYSIS

### A. Criminal History Category Computation

Petitioner argued that he was awarded three criminal history points in association for his conviction in Kings County (Hanford) Superior Court case number 05CM1383AHTA, for possession of methamphetamine. Habeas Motion at 3. He argues that since the state of California has recently reclassified this offense as a misdemeanor, he should have only received two criminal history points. *Id.* Upon review of Petitioner's Presentence Investigation Report ("PSR"), Doc. 303, it appears that Petitioner is mistaken. As the Government points out, he received two, not three points for this offense. *Id.* at 17. Two points is consistent with guideline recommendations, because he served eight months and twelve days for this offense. U.S.S.G. § 4A1.1(b). Thus, there is no basis for finding that the Criminal History Category was incorrectly determined. Further, and as the Government also discussed, pursuant to the USSG, criminal history points are assigned based on the basis of the *sentence imposed* on a defendant for an offense; not on the classification of the offense as felony or misdemeanor. *See* U.S.S.G. § 4A1.1. Thus, the reclassification of a previous offense generally has no retroactive effect on Criminal History Category determination. In short, Petitioner is not entitled to relief under section 2255 on this basis.

### B. Ineffective Assistance of Counsel

Petitioner asserts "that he asked his counsel to file his Notice of Appeal at the time of sentencing." Habeas Motion at 6-7. Accordingly, he seeks relief under § 2255 for a violation of his Sixth Amendment Right to effective assistance of counsel. *Id.* Petitioner is precluded from bringing this claim

because the statutory deadline has long since passed. 28 U.S.C.A. § 2255(f)(1). The Court entered judgment against Petitioner on August 26, 2013. Doc. 338. His conviction became final fourteen days later, on September 9, 2013. Fed. R. App. P. 4(b)(1)(a). Therefore, the deadline to file for habeas relief expired a year after that date- on September 9, 2014. 28 U.S.C. § 2255(f). Moreover, there is nothing in the record before the court suggesting any basis upon which movant would be entitled to the tolling of the statute of limitations related to his ineffective assistance of counsel claim. Thus, the pending motion, filed March 2, 2016, is not timely.

**C.     Post-Sentencing Rehabilitative Relief**

Petitioner also claims that he is entitled to post-sentencing rehabilitative relief, pursuant to *Pepper v. United States*, 562 U.S. 476 (2011). Habeas Motion at 7. In *Pepper*, the Supreme Court held that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." 562 U.S. at 481. Here, Petitioner's sentence has *not* been set aside on appeal. Thus, *Pepper* provides no basis for reconsidering his sentence.

## V. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, a petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529

U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, a petitioner must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id*. The Court finds that Petitioner has not made any showing, let alone a substantial one, of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court further finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, the Court declines to issue a certificate of appealability.

## VI. CONCLUSION AND ORDER

For the reason discussed above, this Court DENIES Petitioner's § 2255 motion to vacate, set aside, or correct sentence, Doc. 636. The Court also DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

    Dated: **July 12, 2016**        /s/ Lawrence J. O'Neill
                                            UNITED STATES CHIEF DISTRICT JUDGE